UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin Jermaine Pickens, | Civil File No. 04-4268 (PAM/AJB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| D.L. Stine, Warden | |
| Respondent. | |

**THIS MATTER** is before the Court, United States Magistrate Judge Arthur J. Boylan, on Kevin Jermaine Pickens' Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 1).[1]  Petitioner alleges that he was wrongly deprived of 27 days of "good time credit" pursuant to prison disciplinary proceeding in which he alleges his constitutional rights were violated. Petitioner appears pro se, and the Respondent appears by Tricia A. Tingle, Assistant United States Attorney.  The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.   For the reasons which follow, it is recommended that Petitioner's claims be denied and the case be dismissed with prejudice.

**I.    BACKGROUND**

Petitioner is currently serving a 188-month sentence at the Federal Prison Camp in Duluth, Minnesota ("FPC Duluth").  Kinyon Decl. ¶ 3; Att. A; (Doc. No. 8).  Petitioner was sentenced

---

[1] On April 18, 2005, Petitioner filed a "Motion for Relief." (Doc. No. 15).  In this motion Petitioner simply requests the relief sought on his habeas petition, a request which is duplicative to the petition itself. Petitioner's motion should be dismissed as moot.  The Court notes that Petitioner submitted a Memorandum supporting the motion, and the Court has construed and considered the Memorandum as if it were filed in support of the petition.

by the United States District Court for the Western District of Louisiana following a conviction for Possession With Intent to Distribute Cocaine Powder and Marijuana in violation of 21 U.S.C. § 841(b)(1)(a).  Id.  Petitioner's projected release date is March 27, 2011, which includes the application of good conduct time.  Id.

Petitioner arrived at FPC Duluth on September 9, 2003.  Id. ¶ 5; Att. A.  On October 29, 2003, an investigation was concluded which indicated that Petitioner had engaged in disruptive conduct and unauthorized use of the mail.  Id. ¶ 5; Wilson Decl. ¶ 3; (Doc. No. 7).  Petitioner was found to have had correspondence with inmates at another BOP facility, and had arranged to have five pairs of shoes of various sizes shipped to FPC Duluth.  Id.  According to Thomas Wilson ("Wilson"), at the time the Special Investigative Supervisor's Lieutenant, the number of shoes were in excess of the allowable amount of property.  Wilson Decl. ¶¶ 1-3.  Prison staff were concerned when they intercepted a communication discussing the package of shoes and suspected that the possible introduction of contraband may have been involved.  Id. ¶ 3.  The shoes were searched and destroyed in the process of the search.  Id.

As a result of Petitioner's alleged conduct, he was given an Incident Report for Conduct Disruptive to the Security or Orderly Running or a BOP Facility, Code 299 (most like Code 217), Possession of Anything Unauthorized, (Code 305), and Unauthorized Use of the Mail, Code 410.  Id., Kinyon Decl., Att. C.  The policy under which Petitioner was given the Incident Report is codified at 28 C.F.R. Part 541, and outlined in Program Statement 5270.07.  See Kinyon Decl. ¶ 4; Att. B.  A charge under Code 299 is used when another charge of high severity is not applicable and is usually followed by another charge which is most like the alleged prohibited act.  Id.  In Petitioner's case, it

was followed by Code 217: Giving money to, or receiving money from, any person for purposes of introducing contraband or for any other illegal or prohibited purposes. Id. at Att. B. Advance written notice of the charge was given to Petitioner on October 29, 2003. Id. at Att. C.

Numerical limitations may be placed on the number of personal items inmates are allowed to possess. 28 C.F.R. § 553.11(a). An inmate in possession of excess personal items may be considered in possession of nuisance contraband. See 28 C.F.R. § 553.12(b)(2). Ordinarily inmates are given the opportunity to provide staff with an address at which to mail the excess property, see 28 C.F.R. § 553.13(b), but in Petitioner's case prison staff were suspicious of his attempts to circumvent procedures, and his unauthorized correspondence with inmates at other facilities, and they proceeded to thoroughly search the shoes. Wilson Decl. ¶ 4.

On November 12, 2003, a Discipline Hearing Officer ("DHO") conducted a hearing on the charges. Kinyon Decl. ¶ 7; Att. C. Petitioner was advised of his rights and waived his right to a staff representative to assist him. Id. ¶ 7; Att C. Petitioner did not call any witnesses, and instead asserted that a false statement had been made and that he never admitted the charges. Id. Petitioner claimed that his counselor had mailed the shoes to him. Id. Following the hearing, prison officials disposed of the shoes. Wilson Decl. ¶ 4.

On December 30, 2003, the DHO found that Petitioner was guilty of the charges under Code 299 (most like 217) and Code 410. Kinyon Decl. ¶ 8; Att. C. The DHO sanctioned Petitioner with 30 days of disciplinary segregation and the disallowance of 27 days of good conduct time, and he recommended a disciplinary transfer for the Code 299 violation. Id. Petitioner was sanctioned with 60 days of telephone restriction and 60 days of visiting restriction for the Code 410 violation. Id.

Petitioner was given a written report of the DHO's findings on January 7, 2004. Id. Petitioner subsequently filed administrative remedy requests in conjunction with the destruction of the shoes, and proceeded to exhaust his remedies on that issue. Id. at Att. D. Petitioner initiated the administrative remedy process to contest the disciplinary action, but he did not complete the process. Id.

## II.     DISCUSSION

Petitioner seeks relief under 28 U.S.C. § 2241, which states, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 is appropriate where a federal petitioner challenges the execution of a sentence or the length or duration of his confinement. See Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002); McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (holding that federal inmate's challenge to loss of good time credits is properly brought under Section 2241 because it is a challenge to an action affecting the fact or duration of the petitioner's custody).

Petitioner claims that: 1) "he was denied due process because the evidence was insufficient to support the conviction"; and 2) that "he was denied due process when his personal property was destroyed before he was afforded his right to contest the . . . allegation of any wrong doings [sic] . . . ." Petition for Writ of Habeas Corpus, Att. 1 at 5; (Doc. No. 1). Petitioner requests that the incident report and sanctions be expunged from his record, and that he be returned his 27 days of good conduct time.    Respondent argues that the Petitioner's first claim must be dismissed because

Petitioner has failed to exhaust his administrative remedies, and that his second claim must be dismissed because Petitioner's due process rights were not violated.

**A.     Failure to Exhaust**

Federal prisoners are required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000). An administrative remedy system is in place and affords inmates confined in federal facilities the opportunity to seek relief for their grievances. See 28 C.F.R. §§ 542.10-542.16. Petitioner concedes that he did not exhaust his remedies with respect to this claim. See Petitioner's Response, p. 3; (Doc. No. 13). Instead, he argues that Respondent prevented him from exhausting his remedies, and that the Court should not dismiss his claim on the basis of non-exhaustion. Id., p. 2-3. Petitioner asserts that he did not have adequate access to legal research material or his documents due to his placement in special housing during the period of time contemporaneous to the DHO hearing. Id., p. 3.

"[A] federal prisoner who defaults in pursuit of . . . administrative remedies will  . . . . be denied habeas review absent a showing of cause and prejudice." Carmona v. Bureau of Prisons, 243 F.3d 629,  630 (2d Cir. 2001). If legitimate circumstances beyond a petitioner's control prevent him from fully pursuing administrative remedies, such circumstances will excuse a failure to exhaust. Id., at 634. Petitioner's argument that Respondent caused him to untimely file his administrative remedy request is without merit. The Court notes that Petitioner successfully exhausted his administrative remedies in conjunction with the destruction of the shoes. The filing deadlines and procedural

5

requirements for that issue were contemporaneous with the filing deadlines and procedural requirements for Petitioner's sufficiency of the evidence claim. That Petitioner was able to successfully exhaust his remedies on the destruction of property claim undermines his argument that he was prevented by Respondent from successfully exhausting his remedies on the sufficiency of the evidence claim. As such, the court finds that there were no circumstances beyond Petitioner's control which prevented him from timely pursuing his available administrative remedies. Moreover, the Court notes that even if it were to address Petitioner's claim on the merits, it would fail as discussed below.

**B.    Petitioner's Due Process Claim**

In a prison disciplinary setting, due process requires that an inmate must receive: 1) advance written notice of the charges against him; 2) an opportunity to defend against those charges; and 3) a written statement from the fact finder as to the evidence relied upon and the reason for the disciplinary action taken. Superintendent v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974)); Ragan v. Lynch, 113 F.3d 875, 876 (8th Cir. 1997). A reviewing court will not reassess the credibility of witnesses or reweigh the evidence. Gomez v. Graves, 323 F.3d 610, 612 (8th Cir. 2003). Rather, a reviewing court's only inquiry is whether there is some evidence to support the sanction. Id.

Petitioner, in this matter, does not allege that he was denied written notice of the charges, an opportunity to defend against those charges, or a written decision. Instead, Petitioner argues that the evidence shows that the package containing the shoes was sent by his counselor, a BOP official, and thus "authorized." See Petitioner's Response at 4. Petitioner asserts that the evidence clearly shows he did not arrange with another inmate to have the shoes shipped. Id. Even accepting

Petitioner's claim as true, the claim still fails to cross the constitutional threshold: even the possibility that the Petitioner may have been innocent[2] of the charges does not raise a due process issue. Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994) ("The constitution demands due process, not error-free decision-making.").

A review of the record indicates that Petitioner was given written notice of the charges on October 29, 2003. Kinyon Decl. ¶ 5; Wilson Decl. ¶ 3. On November 12, 2003, a hearing was held at which Petitioner waived his right to assistance and to call witnesses. Kinyon Decl. ¶ 7; Att. C. On December 30, 2003, Petitioner was found guilty of the charges and was given a written report of the DHO's findings on January 7, 2004. Id. ¶ 8, Att. C. The report detailed the evidence presented and the rationale for its findings.[3] Id. at Att. C. Thus, it is clear that the minimum due process requirements were afforded to Petitioner during his prison disciplinary proceedings. Superintendent v. Hill, 472 U.S. at 454.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, it is **hereby recommended** that:

1. Kevin Jermaine Pickens' Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Doc. No. 1) be **DENIED**;

---

[2] The Court expresses no opinion as to whether Petitioner is in fact innocent as the question is irrelevant as a matter of law with respect to the issue of whether Petitioner's constitutional due process rights were violated.

[3] Because due process in the prison discipline context requires only that there be some evidence to support a disciplinary decision, see Gomez v. Graves, 323 F.3d 610, 612 (8th Cir. 1994), Petitioner's sufficiency of the evidence claim would necessarily fail based on the record in this matter.

7

      2.      Kevin Jermain Pickens' Motion for Relief, (Doc. No. 16), be **DENIED** as moot; and

      3.      This matter be dismissed with prejudice.


Dated:   August 19  , 2005


                      s/ Arthur J. Boylan  
                      Arthur J. Boylan  
                      United States Magistrate Judge


      Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before September 2, 2005.